Michael Lee (ML 6353)
Lee Law PLLC
57 West 38th St, 11th Floor
New York, NY 10018
Telephone: (212) 621-8239

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OTTER PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DOMINICK CIDONI; and "JOHN DOES" 1-5;<br><br>Defendants. | CASE NO.  1:24-CV- 5113<br><br><br>**COMPLAINT** |

Plaintiff Otter Products, LLC ("Otter Products") through its attorneys complaining of Dominick Cidoni ("Cidoni") and "John Does" 1-5 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

**STATEMENT OF THE CASE**

1.      This is a suit by Otter Products against Defendants for: (i) counterfeiting and / or infringement of trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) federal trademark dilution in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition, false designation of origin, and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iv) unfair and deceptive business practices in violation of N.Y. Gen. Bus. L. § 349.

2.      This action concerns the distribution of merchandise bearing counterfeits and / or infringements of Otter Products' trademarks. Defendants have infringed Otter Products'

1

valuable trademarks despite being put on notice creating a strong likelihood of confusion among consumers who expect that merchandise bearing Otter Products' trademarks will be genuine product by Otter Products and causing both monetary and other irreparable injury to Otter Products.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4.      Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District. Specifically, Defendants have sold infringing product in this District and shipped such infringing product into Rockland County, NY.

5.      Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3).

## PARTIES

7.      Otter Products is a limited liability company duly organized and existing under the laws of the State of Colorado and having its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

8.      Upon information and belief, Cidoni is an individual residing at 14122 Rouda Lane, Charlotte, NC 28269.

9.      The identities of "John Does" 1-5 are not currently known to Otter Products. Upon information and belief, they are associated with Cidoni and have contributed to Cidoni's unlawful activities. Otter Products will use its best efforts to identify these "John Does" and

2

upon further knowledge and investigation, Otter Products will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

**A.  Otter Products' Famous Products and Trademarks**

10.     Otter Products began with the entrepreneurial vision of its founder, Curt Richardson. An injection molder by trade, Richardson designed the first "OtterBox" in 1995. The first OtterBox was a durable waterproof box used to keep electronics dry while participating in outdoor sports such as kayaking or fishing. However, through iterative design changes, what started as a waterproof box evolved into a line of functional, durable, and award-winning personal electronics cases. Today, Otter Products' OtterBox® cases stand as one of the best-selling brands of mobile phone and tablet cases worldwide, with cases for a broad variety personal electronics.

11.     Since its inception, Otter Products has marked its brand's products with trademarks that have come to symbolize its profound company heritage, entrepreneurial spirit, and superior craftsmanship. This reputation started with the design of the first OtterBox® in 1995 and has since expanded into a robust global marketplace. From its prescient inception to its product's establishment as household names, Otter Products has expended great amounts of time, money, and effort advertising and promoting its trademarks globally, including throughout the United States and in this District. As a result of these investments and their widespread success, Otter Products has developed considerable goodwill and reputation for the highest quality products. Otter Products has continuously used its trademarks to distinguish its OtterBox® products, as well as uphold its reputation.

12.     Otter Products is the owner of various trademarks some of which are registered with the United States Patent and Trademark Office ("USPTO"). Such trademarks include, but are not limited to, the following:

| Trademark | USPTO Registration Number | Registration Date | Goods |
|---|---|---|---|
| OTTERBOX | 3788534 | 08/25/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| OTTER BOX | 3788535 | 05/11/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| OTTERBOX | 4602221 | 09/09/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers. |
| DEFENDER SERIES | 4616874 | 10/07/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for personal electronic devices, namely, cell phones. |
| DEFENDER SERIES | 3623789 | 05/19/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players and tablet computers. |
|  | 3791318 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| STRADA SERIES | 4864518 | 12/1/2015 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for personal electronic devices, namely, mobile phones, smartphones, tablets, computers, e-book readers, portable media players; Bags, folios and carrying cases specially adapted for personal electronic devices, namely, mobile phones, smartphones, tablets, computers, e-book readers, portable media players. |

4

| | | | |
|---|---|---|---|
| STATEMENT SERIES | 4952893 | 05/03/2016 | IC 009. US 021 023 026 036 038. G & S: Protective cases, covers, bags, and carrying cases for personal electronic devices, namely, mobile phones, smartphones, tablet computers, and e-book readers. |
| Giving Back ♥<br><br>GIVING BACK | 5356304 | 12/12/2017 | IC 009. US 021 023 026 036 038. G & S: Protective cases and covers for mobile electronic devices, namely, smartphones, tablet computers; protective cases and covers adapted to accommodate external accessories for use with mobile electronic devices, namely, smartphones, tablet computers; accessories specially adapted for use with protective cases and covers for smartphones, tablet computers, namely, batteries and power management systems in the nature of external batteries, battery boxes and battery chargers. |
| DEFENDER SERIES PRO | 5726083 | 04/16/2019 | IC 009. US 021 023 026 036 038. G & S: Protective cases, carrying cases, casings, and covers for portable electronic devices, namely, cell phones, tablet computers, cases and holsters specially adapted for holding or carrying mobile electronic devices, namely, mobile phones, tablet computers. |

(with others, hereinafter collectively referred to as the "Otter Products Registered Trademarks").

13.     The Otter Products Registered Trademarks are valid, in full force and effect, protectable and exclusively owned by Otter Products. Otter Products has continuously used the Otter Products Registered Trademarks during all time periods relevant to Otter Products' claims. As a result, the Otter Products Registered Trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

14.     The Otter Products Registered Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Otter Products' high-quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant

mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

15.     Due to the overwhelming amount of resources exhausted by Otter Products in order to create, protect, enforce, and promote the Otter Products Registered Trademarks, the Otter Products Registered Trademarks have achieved secondary meaning as identifiers of high-quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

16.     The Otter Products Registered Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high-quality OtterBox® products. As such, the Otter Products Registered Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and achieved such fame prior to Defendants' conduct that is the subject of this Complaint.

**B.  Defendants' Illegal Activities**

17.     Upon information and belief, Defendants are offering for sale, selling, and using in interstate commerce merchandise bearing counterfeits and infringements of the Otter Products Registered Trademarks (the "Infringing Products").

18.     Defendants have been offering for sale and selling a large amount of Infringing Products on the www.eBay.com website ("eBay") using the "domsmerch" username.

19.     On or about November 20, 2023, Otter Products discovered the "domsmerch" eBay account which was offering Infringing Products for sale at far below regular retail prices.

20.     On this same date, an agent for Otter Products purchased an "OtterBox Defender Series Pro Case With Holster for iPhone 14 / 13 (6.1) Only" phone case from the "domsmerch"

eBay account (the "Purchase").

21.     Subsequently, Otter Products reviewed the Purchase and confirmed that the Purchase was not authentic Otter Products merchandise and did, in fact, bear counterfeits and infringements of the Otter Products Registered Trademarks.

22.     Thereafter, OtterBox sent a takedown requests to eBay requesting that Defendants' listings of Infringing Products be terminated. eBay acted on this request terminating the listing and, upon information and belief and in accordance with eBay's usual practice, provided notice to Defendants of the takedowns of Infringing Products. Further, eBay provided Otter Products Cidoni's contact information as he was caught selling illegal merchandise.

23.     On or about January 30, 2024, Otter Products sent Cidoni a cease-and-desist letter, putting him on specific notice of his illegal activities, demanding that he immediately cease the sale of any Infringing Products and comply with further demands. Otter Products' counsel did not receive a response from Cidoni despite this letter and numerous emails, text messages, and voicemails.

24.     Despite these warnings from eBay and Otter Products, Defendants continued to offer for sale and sell a substantial number of Infringing Products.

25.     On or about June 19, 2024, an agent for Otter Products purchased an "OtterBox Galaxy S10+ Defender Series Case – BLACK, Rugged & Durable" phone case from the "domsmerch" eBay account (the "Purchase 2").

26.     Subsequently, Otter Products reviewed the Purchase 2 and confirmed that the Purchase 2 was again not authentic Otter Products merchandise and did, in fact, bear counterfeits and infringements of the Otter Products Registered Trademarks.

27.     Once again, on or about July 2, 2024, Otter Product's counsel reached out to

Cidoni to again demand that he cease his illegal conduct. On the same date, for the first time, Cidoni responded demanding that Otter Products "[p]lease stop calling and emailing be (sic), its border line (sic) harassment."

28.    Since Cidoni failed to take his illegal conduct seriously, Otter Products had no alternative but to commence this lawsuit.

29.    Since Defendants continued to offer for sale Infringing Products despite being put on notice, Defendants' sale of the Infringing Products is clearly willful and Cidoni considered Otter Products efforts to protect its trademarks merely an annoyance

30.    Defendants' offer for sale and actual sale of the Infringing Products in the United States constitutes an illegal use in commerce of the Otter Products Registered Trademarks in connection with the sale, offering for sale, or distribution of the Infringing Products.

31.    The Infringing Products offered for sale and sold by Defendants were not manufactured, authorized, or sponsored by Otter Products. Thus, consumers will be confused and disappointed by the differences between the Infringing Products distributed by Defendants and the genuine Otter Products merchandise manufactured and sold by Otter Products or its affiliates.

32.    Despite having notice of their illegal activities, Defendants continue to offer for sale Infringing Products. Defendants are willful infringers of the Otter Products Registered Trademarks causing irreparable harm to Otter Products and the unsuspecting public who are being defrauded into purchasing such illegal merchandise.

33.    As a result of Defendants' actions, Otter Products is losing profits from lost sales of genuine product, is suffering a loss of enormous goodwill created in its Otter Products Registered Trademarks and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

34.     Upon information and belief, Defendants have knowingly and willfully engaged in their illicit activities in direct violation of Otter Products' rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

35.     Cidoni is directly liable for the infringing actions detailed herein as he is the owner of the eBay account in question and personally offered for sale, sold, and shipped the Infringing Products.

36.     Otter Products has suffered irreparable injury as a direct and proximate result of Defendants' wrongful distribution of the Infringing Products.

37.     Otter Products has no adequate remedy at law.

38.     Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Otter Products' well-established rights in and to the Otter Products Registered Trademarks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

39.     Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 38.

40.     Defendants have knowingly, intentionally, and without the consent of Otter Products used in commerce reproductions, counterfeits, and/or copies of the Otter Products Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Otter Products Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized, or approved by, or is otherwise associated with Otter Products despite the fact that it is not.

41.     Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Defendants' acts constitute use in commerce of the Otter Products Registered Trademarks.

43.     For the aforementioned reasons, Otter Products is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Otter Products' lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

44.     Otter Products has no adequate remedy at law for Defendants' ongoing wrongful conduct. Otter Products has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. §1114)

45.     Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 38.

46.     Defendants have knowingly, intentionally, and without the consent of Otter Products used in commerce reproductions, counterfeits, and/or copies of the Otter Products Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Otter Products Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe

Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized, or approved by, or is otherwise associated with Otter Products despite the fact that it is not.

47.     Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     Defendants' acts constitute use in commerce of the Otter Products Registered Trademarks.

49.     For the aforementioned reasons, Otter Products is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Otter Products's lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

50.     Otter Products has no adequate remedy at law for Defendants' ongoing wrongful conduct. Otter Products has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**THIRD CLAIM FOR RELIEF**
**(Unfair Competition, False Designation of Origin & False Description,**
**15 U.S.C. § 1125(a))**

51.     Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 38.

52.     Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Otter Products Registered Trademarks constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized, or approved by, or is otherwise associated with Otter Products despite the fact that it is not. As a result of Defendants'

unauthorized use of the Otter Products Registered Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' counterfeit merchandise.

53.     Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Otter Products Registered Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Otter Products.

54.     Defendants' conduct is willful, intended to reap the benefit of Otter Products' established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Otter Products.

55.     Defendants' acts entitle Otter Products to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Otter Products' lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

56.     Otter Products has no adequate remedy at law for Defendants' ongoing wrongful conduct. Otter Products has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

### FOURTH CLAIM FOR RELIEF
#### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

57.     Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 38.

58.     Defendants' use of the Otter Products Registered Trademarks or marks confusingly similar thereto in order to sell their products constitutes Defendants' commercial

use in commerce of the Otter Products Registered Trademarks.

59.    The Otter Products Registered Trademarks are world famous and distinctive. They achieved such status long prior to Defendants' activities complained of herein.

60.    Defendants' use of the Otter Products Registered Trademarks on the Internet to advertise unauthorized merchandise constitutes tarnishment of the Otter Products Registered Trademarks.

61.    Otter Products is suffering and will continue to suffer irreparable harm from Defendants' dilutive activities.

62.    Defendants' acts as aforesaid are diluting the distinctive quality of the Otter Products Registered Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

63.    Defendants have intentionally and willfully appropriated the Otter Products Registered Trademarks and traded on Otter Products's reputations.

64.    Defendants' wrongful acts of dilution will continue unless enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349)**

65.    Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 38.

66.    The wrongful conduct of Defendants, including but not limited to, the distribution of Infringing Products and making false statements, in order to conceal its illegal activity constitutes materially misleading and deceptive trade practices under New York General Business Law § 349.

67.    This wrongful conduct was consumer-oriented within the meaning of Section

13

349, as it is the intent of Defendants to distribute Infringing Product into the marketplace and therefore harm the general consuming public.

68.    Because of this deceptive conduct, Otter Products has been and will continue to be damaged both monetarily and in ways impossible to remedy through monetary judgment.

## PRAYER FOR RELIEF

**WHEREFORE,** Otter Products respectfully requests that the Court order the following relief:

I.    That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

a)    using any counterfeit or infringement of the Otter Products Registered Trademarks to identify any goods not authorized by Otter Products;

b)    counterfeiting or infringing the Otter Products Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks;

c)    using any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Otter Products, or to any goods sold, manufactured, sponsored, or approved by, or connected with Otter Products;

d)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Otter Products;

e)    engaging in any other conduct constituting an infringement of the Otter Products Registered Trademarks, of Otter Products' rights in, or to use or to exploit, said trademark, or constituting any weakening of Otter Products' names, reputations, and goodwill.

II.    That Defendants, pursuant to 15 U.S.C. § 1118, be required to deliver to Otter

Products for destruction all unauthorized materials bearing any of the Otter Products Registered Trademarks in association with unauthorized goods and the means for production of the same.

III.     Requiring Defendants to pay to Otter Products such damages for all of Defendants' profits derived from their unlawful conduct and/or Otter Products' lost profits from sales of genuine goods due to Defendants' infringement, counterfeiting, false designation of origin, unfair competition trebled to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

IV.     Ordering that Defendants compensate Otter Products for the costs of this action, reasonable attorneys' fees, investigative fees, and pre-judgment interest according to 15 U.S.C. § 1117(b).

V.     Otter Products be awarded their actual damages and attorneys' fees pursuant to N.Y. Gen. Bus. L. § 349.

VI.     Defendants be required to pay pre-judgment interest on all damages and profits awards.

VII.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Otter Products to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VIII.     Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to Otter Products.

IX.     Awarding to Otter Products such other and further relief as the Court may deem

just and proper, together with the costs and disbursements that Otter Products has incurred in

connection with this action.

**LEE LAW PLLC**

Dated: July 5, 2024

Michael Lee (ML 6353)
Lee Law PLLC
57 West 38th Street, 11th Floor
New York, NY 10018
(212) 621-8239

*Attorney for Plaintiff*